UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:

    Sarah D. Frasier

                Debtors.

Case No.  1-20-10197-CLB
Chapter 7

SSN: xxx-xx-0913

D'Youville College
320 Porter Avenue
Buffalo, NY  14201,

Adversary Proceeding No. _____

              Plaintiff,

vs.

Sarah D. Frasier
564 Dodge Street #121
Buffalo, NY  14208,

              Defendant

## COMPLAINT TO DETERMINE THE NON-DISCHARGEABILITY OF PLAINTIFF'S CLAIM BY D'YOUVILLE COLLEGE TO THE DEBTORS' ESTATE

Plaintiff, D'Youville College, creditor in the bankruptcy estate, brings the instant

Complaint to determine that Claim No. 1 of the bankruptcy filing brought by D'Youville College

for and in the sum of $3,258.70 is non-dischargeable.

Jurisdiction and venue

1. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of

Bankruptcy Procedure to determine the validity, priority and extent of a certain lien or other

interest in property of the debtor.

1

2. This Court has jurisdiction over this continuing matter of the bankruptcy of the debtor, Sarah D. Frasier, under Case No. 1-20-10197-CLB, a Chapter 7 proceeding.

3. The adversary proceeding constitutes a core proceeding.

4. The district is the proper venue for this proceeding based upon the bankruptcy of Sarah D. Frasier.

Background

5. The debtors filed a Chapter 7 proceeding commenced by the filing of a voluntary bankruptcy petition on February 5, 2020 under Case No. 1-20-10197-CLB which is pending in front of the Honorable Carl L. Bucki, U.S.B.J.

6. There is a meeting of creditors is scheduled for March 13, 2020.

7. Plaintiff's claim was filed on February 7, 2020. In the notice of the debtor's bankruptcy, the date for challenging dischargeability of certain debts is May 12, 2020 and the funds owed are a student loan from a non-profit institution for an educational benefit.

8. The Plaintiff does not feel that it is actually required to file this Complaint based on Section 523(8)(a)(i) and (ii). The only way debtor (Defendant) could have the debt discharged would be if she had brought the appropriate action and were successful in proving a hardship concerning this debt.

9. That procedure has not been invoked by the debtor (Defendant).

Claim for relief

10. The following is a challenge to the dischargeability of the debt owed to Plaintiff, D'Youville College, for its claim consisting of tuition loan for the Fall semester 2016 for educational benefit from a non-profit educational institution.

2

11. This debt is owed to the Plaintiff, D'Youville College, by the Defendant-debtor, Sarah D. Frasier, for a loan made that was insured or guaranteed by a government unit, or made under any program which is funded in whole, or in part, by a non-profit institution.

12. All of these obligations that became due as a debt owed to the Plaintiff-creditor, D'Youville College, was an obligation to re-pay funds received as an educational benefit.

### Count 1

13. The Plaintiff restates and incorporates herein by reference the allegations contained in paragraph 1 through 12 above.

14. The Defendant-debtor, Sarah D. Frasier, executed a promissory note dated November 22, 2016, copy of which is attached to the Plaintiff-creditor's Proof of Claim duly filed February 7, 2020.

15. The tuition loan is made from a fund that is established with the Plaintiff-creditor for the purposes of making student loans to students.

### Claim for relief

16. This application is to challenge the dischargeability of the debt owed to plaintiff, D'Youville College, for its claim consisting of one (1) loan owed by debtor-defendant for the Fall 2016 semester. The loan owed to plaintiff by defendant is a tuition loan in which there is a balance due of $1,932.00 as of October 5, 2016.

17. This debt is owed to the plaintiff, D'Youville College, by the defendant-debtor, Sarah D. Frasier, for "an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non-profit institution; or an obligation to repay funds received as an educational benefit,

3

scholarship, or stipend..."

18. The defendant-debtor executed a promissory note on November 22, 2016 (which is attached hereto under Exhibit A).

19. This loan is an obligation to repay funds received as an educational benefit.

20. Debtor-defendant attended and received the benefit of college courses at D'Youville College for the Fall 2016 semester.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment as follows:

A. Declaring that the tuition loan that defendant-debtor's owes to D'Youville College is non-dischargeable pursuant to Section 523(a)(8) of the Bankruptcy Code; and

B. Granting such other and further relief as the Court may deem just and proper.

Dated: March 2, 2020

Yours, etc.,

_____
R. Thomas Burgasser, PLLC
R. Thomas Burgasser, Esq., of counsel
Attorney for Plaintiff-creditor
825 Payne Avenue
North Tonawanda, NY 14120
716-692-1783

TO: Sarah D. Fraiser, *Pro Se*
564 Dodge Street #121
Buffalo, NY 14208

Wendy J. Christophersen
403 Main Street, Suite 500
Buffalo, NY 14203

4

# EXHIBIT A

Case 1-20-01015-CLB, Doc 1, Filed 04/16/20, Entered 04/16/20 13:06:55, Description: Main Document , Page 5 of 7



320 Porter Avenue, Buffalo NY 14201

Phone No. (716) 829-7642

## PROMISSORY NOTE-TUITION ACCOUNT

**Student's Name:** Sarah Frasier

ACCT ## 0074339

### Amount of Payment

Payment Amount: **$193.20**

### Payment Due Date

Due every month by the 15th STARTING December 15, 2016

I agree to pay my outstanding tuition balance of $1,932.00 with a payment schedule of $193.20 per month. Interest will not be assessed (based on the monthly rate of 1% of the outstanding principal balance) if the payment is made each month. Failure to make my payment monthly will result in the additional interest being added to my account. Continued delinquency may also result in collection agency/attorney action. Failure to adhere to this agreement will result in the full balance on my account becoming due. I agree to reimburse D'Youville College the fees of any collection agency, which may be based on a percentage at a maximum of 33.3% of the debt, and all costs and expenses, including reasonable attorney's fees, incurred in such collection efforts. I understand that my transcript, future registration or my diploma will not be released until I am paid in full (U.S. Funds Only). I also understand that this debt may be reported to the credit bureau and will affect my credit rating. The account may be paid in full at any time.

Payments can be made online at http://dyc.afford.com/payNow?StoreId=1156

I agree to the above stated arrangement and to pay the additional interest and fees upon failure to comply with the agreement.

Student's Signature _____ Date 11/22/16

Assistant Bursar _____ Date 11/22/16

B2500A (Form 2500A) (12/15)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

---

IN RE:

      Sarah D. Frasier

            Debtor.

**Case No. 1-20-10197-CLB**

**Chapter 7**

---

D'Youville College
320 Porter Avenue
Buffalo, NY 14201,

            Plaintiff,

vs.

Sarah D, Frasier
564 Dodge Street, #121
Buffalo, NY 14208,

            Defendant.

AP No. _____

---

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

United States Bankruptcy Court
Western District of New York
Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, NY 14202

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

R. Thomas Burgasser, PLLC
825 Payne Avenue
North Tonawanda, NY 14120

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date: _____

                                        _____
                                        Clerk of the Bankruptcy Court
                                        By: _____
                                        Deputy Clerk